**F I L E D**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

JAMES WARD,

      Plaintiff-Appellant,

v.

UNITED STATES OF AMERICA;
JANET RENO, Attorney General for
the United States; KATHLEEN M.
HAWK, Director of Bureau of Prisons;
J. W. BOOKER, Warden, United
States Penitentiary Leavenworth,

      Defendants-Appellees.

No. 98-3232
(District of Kansas)
(D.C. No. 98-CV-3187)

**ORDER AND JUDGMENT**[*]

Before **BALDOCK**, **EBEL,** and **MURPHY**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

---

[*]This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1.9. The court therefore orders the case submitted without oral argument.

James Ward, proceeding *pro se* and *in forma pauperis*, appeals the district court's dismissal of his *Bivens*-type[2] civil rights complaint against various federal officials. Ward sought declaratory and injunctive relief, as well as damages, alleging he does not expect to receive appropriate consideration for a sentence reduction pursuant to 18 U.S.C. § 3621 upon completion of a drug treatment program. The district court dismissed the complaint without prejudice as premature, finding that because Ward had not yet completed the drug treatment program, been denied the reduction, and then exhausted his administrative remedies, the case was not ripe for adjudication. *See Abbott Labs v. Gardner*, 387 U.S. 136, 148 (1967) (holding that Constitution's ripeness requirement serves to "prevent the courts, through avoidance of premature adjudication, from entangling themselves in abstract disagreements over administrative policies, and also to protect the agencies from judicial interference until an administrative decision has been formalized and its effects felt in a concrete way").

This court reviews the district court's conclusion that the case is not ripe for adjudication *de novo*. *See Powder River Basin Resource Council v. Babbit*, 54 F.3d 1477, 1483 (10th Cir. 1995). Upon *de novo* review of Ward's appellate

---

[2]*Bivens v. Six Unknown Fed. Narcotics Agents*, 403 U.S. 388 (1971).

brief, the district court's Order, and the entire record on appeal, we find no reversible error and, therefore, **AFFIRM** for substantially those reasons set forth in the district court's Order dated July 29, 1998.

ENTERED FOR THE COURT:


Michael R. Murphy
Circuit Judge